JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOBLE RESOURCES SA                          :

                Plaintiff,          :

      - against -                                      :

MERIDIAN BULK CARRIERS LIMITED  :

                Defendant.       :
-----------------------------------------------------------X

08 CV _____
ECF CASE

08 CV 6165

RECEIVED JUL 07 2008 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff NOBLE RESOURCES SA ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, MERIDIAN BULK CARRIERS LIMITED, ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Switzerland and was the time charter Owner of the M/V SEA VETERAN ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in the Marshall Islands, and was the Charterer of the Vessel.

4. Pursuant to the terms of a NYPE time charter party with riders dated October 17, 2007, the Plaintiff chartered the Vessel to the Defendant for a period of "about 3 to 5 months for worldwide trading within the trading exclusions as agreed."

5. The charter party provided that the Defendant was to pay hire for use of the Vessel at the rate of "USD $50,000.00 daily including overtime plus USD $ 32,000.00 net ballast bonus to Owners. Hire to be paid every 15 days in advance to Owners nominated bank."

6. The Vessel was delivered to the Defendant on November 12, 2007, which made the earliest date of redelivery, as per the charter party, to be on or about February 12, 2008 (3 months from the date of delivery).

7. In repudiatory breach of the charter party term, Meridian intended to redeliver the Vessel on January 20, 2008, some 22 days before the earliest permissible date for re-delivery as agreed to in the charter party contract.

8. The Plaintiff accepted the Defendant's repudiatory breach of the charter party contract and the charter party was terminated on January 18, 2008, some 23.5 days before the earliest date for redelivery under the charter party terms.

9. As a result of the Defendant's breach of the charter party and premature redelivery of the Vessel, Noble mitigated its losses and entered into a substitute fixture of the Vessel at a lesser rate of hire.

10. As a result of the Defendant's repudiatory breach of the charter party, the Plaintiff has suffered loss of hire which is the responsibility of the Defendant. Plaintiff's loss is based on the difference in the hire rate of the Noble / Meridian charter party (USD $50,000 per day) and the hire rate of Noble's substitute fixture (USD $ 37,000 per day).

11. Plaintiff has sustained losses in the total principal amount of **$305,000.00** exclusive of interest, arbitration costs and attorney's fees.

12. The charter party provides that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

13. Plaintiff commenced London arbitration on June 20, 2008.

14. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $305,000.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $65,089.31 |
| C. | Estimated costs and fees: | $100,000.00 |
| **Total** | | **$470,089.31** |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$470,089.31.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$470,089.31** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: July 7, 2008
      New York, NY

                                  The Plaintiff,
                                  NOBLE RESOURCES SA.

By: _____
     Claurisse Campanale Orozco (CC 3581)
     Thomas L. Tisdale (TT 5263)
     TISDALE LAW OFFICES LLC
     11 West 42nd Street, Suite 900
     New York, NY 10036
     (212) 354-0025 – phone
     (212) 869-0067 – fax
     corozco@tisdale-law.com
     ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss.:  City of New York
County of New York )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:  July 7, 2008
        New York, NY

_____
Claurisse Campanale-Orozco